UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EVERETT MCCAIN PURVIS,<br><br>Defendant. | Criminal No. 08-cr-245 |

**DETENTION MEMORANDUM**

The Defendant, Everett McCain Purvis, has been charged by indictment with seven Counts: (1) Unlawful Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1); (2) Assault With Intent to Kill While Armed in violation of 22 D.C. Code §§ 401, 4502 (2001 ed.); (3) Possession of a Firearm During a Crime of Violence Or Dangerous Offense in violation of 22 D.C. Code § 4504(b) (2001 ed.); (4) Assault With Intent to Kill While Armed in violation of 22 D.C. Code §§ 401, 4502 (2001 ed.); (5) Possession of a Firearm During a Crime of Violence Or Dangerous Offense in violation of 22 D.C. Code § 4504(b) (2001 ed.); (6) Assault With a Dangerous Weapon in violation of 22 D.C. Code § 401 (2001 ed.); and (7) Possession of a Firearm During a Crime of Violence Or Dangerous Offense in violation of 22 D.C. Code § 4504(b) (2001 ed.). The Government requested a detention hearing, which was held on August 19, 2008. At the conclusion of the hearing, the Court found that the Defendant should

be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

### Findings of Fact

At the detention hearing, the Government proffered that on May 14, 2008, Defendant was involved in a dispute with two individuals known as "Little Leroy" and Phillip Blake at or near 4331 Fourth Street, SE, in the District of Columbia. During his initial dispute with "Little Leroy" Defendant pointed a gun at "Little Leroy". After "Little Leroy" left the scene Defendant pointed a gun at Phillip Blake and placed the gun on his head. After an argument, Mr. Blake ran away, and Defendant fired his weapon at Mr. Blake while he ran. Mr. Blake fired back at Defendant. As a result of the gunfire, a bullet from Defendant's gun struck a glass window at 4221 Fourth Street, SE, where Michelle Garris was standing. Ms. Garris was struck by the broken glass falling from the window.

A police officer called to the scene arrived and observed Defendant shooting in the direction of building 4331. Defendant then ran behind building 4221. The officer then voiced a lookout, and Defendant was quickly located by police and identified by the officer. A pistol was recovered on the path behind building 4221 where Defendant fled. Bullet casings matching the gun were found on the scene.

The Government also proffered that another eyewitness observed Defendant shooting the gun during the incident, and that other witnesses had seen Defendant possess and fire the same gun on other occasions.

**Discussion**

The Bail Reform Act of 1984, 18 U.S.C. § 3141, *et seq.* (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986).

Here, the government seeks pretrial detention on the grounds that no condition or combination of conditions will reasonably assure the safety of the community. In making this determination, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics, including the defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offenses, favors detention. Unlawful possession of a firearm and ammunition by a convicted felon is a serious offense, especially when the firearm is brandished and discharged on a public street. Assault with intent to kill while armed is an offense of the utmost seriousness and danger.

The second factor, the weight of the evidence, also favors detention. A police officer and another witness observed Defendant firing a gun on a public street. A bystander's window was damaged by a bullet and the bystander was struck by falling glass. The gun was recovered on the

path on which Defendant fled from police, and bullet casings that matched the gun where found at the scene.

The third factor, the history and characteristics of the Defendant, strongly supports pretrial detention. In 2001, Defendant was convicted of a Bail Act Violation. That same year, Defendant was convicted of carrying a pistol without a license. Defendant's probation on this offense was revoked on January 3, 2003. In 2002, Defendant was convicted on a charge of possession of marijuana with intent to distribute. In 2003, Defendant was convicted of unlawful possession of a firearm by a convicted felon, for which he was sentenced to 37 months incarceration. His probation on this offense was revoked on July 13, 2007, and he was sentenced to six months incarceration. He was released on January 4, 2008. Based on his history of rearrests while under court supervision, this Court does not believe Defendant is capable of complying with conditions of pre-trial release that may be set in this case.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, also favors detention. Given that gun violence continues to plague the District of Columbia at near epidemic levels, the nature and seriousness of the danger to the community can hardly be overstated.

**Conclusion**

Based upon consideration of all the evidence and the factors set forth in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions can be imposed that would assure the safety of the community.  Therefore, the government's motion for pretrial detention is granted.


Dated: August 20, 2007                                          /s/                                                   
                                                                                ALAN KAY
                                                                                UNITED STATES MAGISTRATE JUDGE